**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4640**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MELVIN ANTONIO EUGENE MAXWELL,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior District Judge.  (7:24-cr-00281-HMH-1)

───────────────

Submitted:  April 13, 2026                                    Decided:  June 9, 2026

───────────────

Before AGEE and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Matthew R. Galeotti, Thomas E. Booth, Appellate Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Bryan P. Stirling, United States Attorney, Charleston, South Carolina, Kathleen Stoughton, Assistant United States Attorney, Columbia, South Carolina, Maxwell B. Cauthen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In November 2023, Officer Brandon Dorsett of the Cherokee County Sheriff's Office in South Carolina noticed a Nissan in the left-most lane (the passing lane) driving slowly enough that vehicles were needing to pass it on its right. He followed the Nissan in the passing lane for "about a half a mile" before turning on his blue lights to pull the Nissan over. J.A. 33.[1]

Upon approach of the vehicle, Dorsett smelled "an overwhelming odor of marijuana" and called for backup. J.A. 34. Dorsett told the driver, Melvin Maxwell, that he had been driving too slowly in the passing lane, in violation of South Carolina law. After running Maxwell's license, Dorsett returned to the Nissan and asked Maxwell about the smell of the marijuana emanating from the vehicle. Maxwell denied having any marijuana. Dorsett then reached into the vehicle and unlocked the passenger door, at which point Maxwell hit the accelerator and sped off. Dorsett pursued Maxwell by car, but Maxwell eventually crashed his vehicle and took off on foot. With the assistance of other officers, Dorsett detained Maxwell.

With Maxwell detained, Dorsett and other officers proceeded to search Maxwell's vehicle. Dorsett began his search in the trunk of the car, where he found a firearm, marijuana, and cocaine.

Maxwell was charged by grand jury with possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and possession of cocaine and crack cocaine, in

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

violation of 21 U.S.C. § 844(a). Maxwell filed a motion to suppress the evidence obtained from the search of his vehicle, arguing both that the initial stop was impermissible and that police lacked probable cause to search the trunk of his car.

After a suppression hearing, in which the Government played Dorsett's body-worn-camera footage from the incident and Dorsett testified in person, the district court denied the motion to suppress. Noting that "this is a credibility issue," it found that Maxwell "was committing a traffic violation by going slower than the traveling vehicles in the right lane," and therefore "it was proper for [Dorsett] to stop the defendant's vehicle because of a traffic violation." J.A. 56.

Maxwell then entered a conditional plea, reserving the right to appeal the denial of the motion to suppress.

In June 2024, the district court held a combined hearing for sentencing and revocation of Maxwell's supervised release for a prior crime. The court calculated a Guidelines range of 87 to 108 months for the firearm- and drug-possession charges. Maxwell asked that the court not impose a term of supervised release as part of either sentence. He specifically feared that while on supervised release some probation officers might not let him travel with his children, noting "it depends who you get." J.A. 104.

After considering "the statutory factors applicable to revocation under 3553(a) and 3583(e)," the district court sentenced Maxwell to 18 months' imprisonment for violating the terms of his supervised release. J.A. 104. And after considering "the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a)," it sentenced him to a term of 87

4

months for the firearm-possession charge and 12 months for the narcotics charges.[2] J.A. 105. The district court also imposed a total of three years of supervised release following Maxwell's release from prison.

Maxwell timely appealed, arguing that the district court erred in denying his motion to suppress and that the sentence was procedurally unreasonable. We affirm.

"In reviewing the denial of a motion to suppress, we review legal conclusions de novo and factual findings for clear error. In doing so, we consider the evidence in the light most favorable to the Government." *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (cleaned up).

Here, Dorsett's in-person testimony and body-worn-camera footage support the district court's factual finding that Maxwell committed a left-lane violation under South Carolina law. *See United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (noting that "we particularly defer to [the] district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress" (cleaned up)); S.C. Code § 56-5-1885(A) (2021) (providing that, unless an exception applies, a "vehicle may not be driven in the farthest left-hand lane of a controlled access highway except when overtaking and passing another vehicle"). And "[o]bserving a traffic violation provides sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop." *United States v. Branch*, 537 F.3d 328, 335 (4th Cir. 2008).

---

[2] The district court specified that all three sentences were to be served concurrently.

As to the search of the trunk, it is uncontested that Officer Dorsett smelled marijuana upon approach of Maxwell's car, and "the odor of marijuana alone can satisfy the probable cause requirement to search a vehicle or baggage." *United States v. Scheetz*, 293 F.3d 175, 184 (4th Cir. 2002) (quotation omitted). Furthermore, by the time police searched Maxwell's trunk, not only had officers smelled marijuana emanating from the vehicle, but Maxwell had also attempted to flee the traffic stop in his car and on foot. Such "flight" is appropriate for us to consider as a factor contributing to probable cause. *See District of Columbia v. Wesby*, 583 U.S. 48, 59 (2018) ("Unprovoked flight upon noticing the police . . . is certainly suggestive of wrongdoing and can be treated as suspicious behavior that factors into the totality of the circumstances." (cleaned up)); *States v. Patterson*, 25 F.4th 123, 151 (2d Cir. 2022) ("We have long recognized flight as an appropriate factor supporting a finding of probable cause to search a vehicle after it is stopped."). So, at the very least, the smell of marijuana and the flight from the traffic stop combined to create probable cause to search the vehicle's trunk for evidence of a crime.

Overall, then, the district court did not err in denying the motion to suppress.

Maxwell also appeals the procedural reasonableness of his sentence.[3] We review the reasonableness of a sentence under "a deferential abuse-of-discretion standard." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021) (quotation omitted). In assessing procedural reasonableness, we review whether the district court "committed . . . significant

---

[3] The government contends that Maxwell waived this argument below. We assume without deciding that this issue is preserved for appeal.

procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Maxwell argues that (1) the district court's passing reference to the § 3553(a) factors in the sentencing hearing was insufficient to demonstrate that it had fully considered those factors and (2) the district court did not adequately explain its decision to deny Maxwell's request for a variance, specifically, for it to impose no term of supervised release.

But both arguments are without merit.

First, we do not demand that district courts "robotically tick through" each sentencing factor—particularly when, as here, the sentence is within the Guidelines range. *United States v. Freitekh*, 114 F.4th 292, 321 (4th Cir. 2024) (quotation omitted). The district court stated that it had "considered" the § 3553(a) factors in general, J.A. 105, and specifically expressed significant concerns with Maxwell's extensive criminal history and disappointment that Maxwell did not seem to be turning his life around, *see, e.g.*, J.A. 101 ("Why are you still doing what you're doing?"), J.A. 101–02 ("[Y]ou already had your previous convictions and then you were dealing drugs again.").

As to the variance, the district court fully explained its rationale for denying that request. Maxwell seemed to want to avoid a term of supervised release because he feared that some probation officers would unfairly deny him the occasional right to travel with his family. But the district court addressed that concern head-on and dismissed it, asserting

7

that it believed the probation officers would operate fairly, so long as Maxwell would "just keep [his] nose clean and follow instructions and do right." J.A. 103.

Overall, then, the district court did not abuse its discretion in imposing Maxwell's within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*